```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRENDA COLON,                                       :
                                                    :          24 Civ. 1988 (GS)
                              Plaintiff,            :
                                                    :          ORDER APPROVING
              - against -                           :          SETTLEMENT OF FLSA
                                                    :          CLAIMS
TWENTY WEST PARTNERS, INC., dba                     :
WONDERLAND, KATHRYN M. PAUL,                        :
individually and in her official capacity,          :
and CHRISTOPHER A. ORTIZ,                           :
individually and in his official capacity,          :
                                                    :
                              Defendants.           :
------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

      Following a successful settlement conference conducted before the undersigned, the parties consented to my jurisdiction (Dkt. No. 22 & 25) and have now filed a motion seeking approval of the settlement pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. Nos. 26). For the reasons set forth below, I approve the settlement insofar as (and solely insofar as) it resolves Plaintiff's claims asserted under the Fair Labor Standards Act ("FLSA").

## BACKGROUND

      Plaintiff, who worked as a security guard at Wonderland, an adult entertainment venue in Manhattan operated by Defendant Twenty West Partners, Inc. ("Twenty West"), commenced this action on March 16, 2024. (Dkt. No. 1 ("Complaint" or "Compl.") ¶¶ 11, 17-18). The Complaint primarily alleges that during her five months working at Wonderland, Plaintiff was "subjected to egregious discrimination on the basis of her sex." (*Id.* ¶ 2). According to the

Complaint, Defendant Christopher M. Ortiz ("Ortiz"), Wonderland's Head of Security at the time, directed a series of sexually harassing and demeaning comments at Plaintiff and retaliated against Plaintiff after she complained about his behavior. (*Id.* ¶¶ 15, 24-25, 27-29, 32-33, 37-41, 49-58). Plaintiff also alleges that Defendant Kathryn M. Paul ("Paul"), Wonderland's general manager, refused to act on Plaintiff's complaints about Ortiz and, ultimately, terminated Plaintiff in retaliation for her protected conduct. (*Id.* ¶¶ 14, 26, 31, 34, 36, 47-49, 59-64).

After detailing Plaintiff's allegations of sexual harassment, discrimination, and retaliation, the Complaint alleges, in far more cursory fashion, that Wonderland "did not pay [Plaintiff] for all the hours recorded on her timesheets and also altered her time sheets" and "did not pay Plaintiff the premium overtime rate of pay for any of the hours that she worked in any given week in excess of forty." (*Id.* ¶¶ 75-76). The Complaint also alleges that Wonderland did not provide Plaintiff with wage statements and notices required by federal and state law. (*Id.* ¶¶ 77-78).

The first eight causes of action in the Complaint are for sex discrimination, retaliation, and aiding and abetting in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. (*Id.* ¶¶ 83-131). The Complaint then asserts an additional two causes of action claiming violations of the FLSA (*id.* ¶¶ 132-45) and five causes of action claiming violations of New York Labor Law ("NYLL") (*id.* ¶¶ 146-69).

After a failed effort at mediation, the case proceeded to discovery. (*See* Dkt. Nos. 13, 19, 21). At the settlement conference before me, held on December 12, 2024, Plaintiff agreed to settle all of her claims against Defendants Twenty West and Paul.[1] (*See* Dkt. Entry dated Dec. 12, 2024). On January 17, 2025, the parties filed a letter-motion ("Letter") seeking approval of the settlement as fair and reasonable in accordance with *Cheeks*. (Dkt. No. 26). The Letter attaches a copy of the proposed settlement agreement (the "Settlement Agreement"). (Dkt. No. 26-1).

As reflected in their submission, the parties have agreed to settle Plaintiff's claims against Twenty West and Paul for a total sum of $40,000. (Dkt. No. 26 at 2; Dkt. No. 26-1 at 1). Of this amount, $16,757.18 will be allocated to Plaintiff and $23,242.82 will go to Plaintiff's counsel as attorney's fees and costs. (*Id.*). The latter amount is comprised of $16,000, representing a 40% contingency fee, and costs amounting to $7,242.82. (Dkt. No. 26 at 2 n.1).

## DISCUSSION

In *Cheeks*, the Second Circuit held that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court (or the U.S. Department of Labor). *Cheeks*, 796 F.3 at 206. When asked for its approval, the district court must scrutinize the settlement to determine whether it is "fair and reasonable." *Mikityuk v. Cision US Inc.*, No. 21 Civ. 510 (LJL), 2022 WL 3013107, at *3 (S.D.N.Y. July 29, 2022) (citation omitted). "'[T]he ultimate question is

---

[1] The docket reflects that although Defendant Ortiz was served, he never appeared in the action. On January 16, 2025, the Honorable Denise L. Cote dismissed Plaintiff's claims against Ortiz with prejudice after Plaintiff did not move for a default judgment or respond to an order to show cause why the claims against Ortiz should not be dismissed. (Dkt. No. 24).

3

whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Judicial review under *Cheeks* is, however, limited to FLSA claims. In some cases, as here, a plaintiff asserts both FLSA and non-FLSA claims in the same action. If the parties thereafter reach a settlement as to all the claims, only the settlement of the FLSA claims is subject to approval by the court. *See Rodriguez v. Edison's Rest.*, No. 22 Civ. 1909 (VSB), 2025 WL 26072, at *2 (S.D.N.Y. Jan. 3, 2025) ("When a proposed settlement agreement resolves both FLSA and non-FLSA claims, as here, I need only evaluate whether the FLSA portion of the settlement is fair and reasonable."); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 3637103, at *2 (S.D.N.Y. June 29, 2016) ("As a general rule, the Court will not scrutinize the settlement of a non-FLSA claim that happens to be settled in the same agreement as a FLSA claim.") (citation omitted).

Here, the FLSA claims represent an insignificant part of the proposed settlement. The Letter states: "Upon review of documents that were made available to Plaintiff in the course of discovery, Plaintiff calculates that the maximum amount of unpaid wages she would be owed if she prevailed on all aspects of her wage and hour claims is approximately $19.50 in overtime pay." (Dkt. No. 26 at 3). It adds that this amount "includes liquidated damages and could be offset by miscellaneous pay that Plaintiff received from [Twenty West]." (*Id.* at n.2). The "minimal

amount" of potential FLSA damages, the Letter states, "has resulted in the parties opting to allot the entirety of Plaintiff's settlement amount to emotional distress for her discrimination claims." (*Id.* at 3).

In substance, these statements amount to representations by Plaintiff's counsel that, based upon the facts as they emerged during discovery, she concluded that Plaintiff's FLSA claims were worthless and, as a result, the settlement ascribes no value to those claims. Instead, the $40,000 being paid by Defendants under the Settlement Agreement is solely attributable to Plaintiff's non-FLSA (discrimination) claims. Based on its participation in the settlement conference, the Court credits these representations.

Because Plaintiff's FLSA claims will be dismissed with prejudice as part of the Settlement Agreement (*see* Dkt. No. 26-1 ¶ 2), this aspect of the settlement nonetheless is subject to review and approval under *Cheeks*. The Court has little difficulty concluding that the settlement of the FLSA claims warrants approval, given counsel's representations regarding the minimal value of those claims and the substantial consideration Plaintiff will be receiving as part of the overall settlement.

It follows from the foregoing that the Court has *not* evaluated the fairness or reasonableness of the settlement as a whole, and is not approving the settlement as a whole. The economic terms of the settlement have been driven entirely by Plaintiff's non-FLSA claims, and as noted above, the Court lacks authority to evaluate, or to approve or disapprove, the non-FLSA portion of the settlement. To

the extent the parties' Letter requests approval of the settlement as a whole (*see* Dkt. No. 26 at 4 (arguing that "the settlement here is fair and reasonable, and all parties ask that it be approved by the Court")), I decline to do so.

In particular, I offer no opinion as to the reasonableness of the attorney's fees and costs to be allotted to Plaintiff's counsel under the Settlement Agreement. Although the Letter provides a general description of the work performed by Plaintiff's counsel, it includes no information or documentation as to the number of hours expended and no calculation of the lodestar. Moreover, the Letter provides no substantiation as to the claimed $7,242.82 in costs. Accordingly, the Court is not in a position to find that counsel's attorney's fees or costs are "fair and reasonable," as the Letter asserts. (*See id.* at 3). Because those fees and costs are entirely attributable to the non-FLSA claims, however, I need not make such a finding in order to approve the settlement of the FLSA claims under *Cheeks*.

## CONCLUSION

For the reasons set forth above, the proposed settlement is hereby **APPROVED** insofar as it relates to Plaintiff's FLSA claims. This action is, accordingly, **DISMISSED**. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

DATED:   New York, New York
         February 10, 2025

_____
GARY STEIN
United States Magistrate Judge